IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KYNDAL GRANT ORANGE,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　　　　　　CASE NO. 18-3141-SAC

**LYON COUNTY DETENTION CENTER,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 3.) Plaintiff is currently incarcerated at the Lyon County Detention Center in Emporia, Kansas ("LCDC"). Plaintiff alleges that the LCDC charges a fee for visits and does not allow free visits. Plaintiff claims that he is indigent and cannot pay for visits. Plaintiff alleges that he is serving a 17-month sentence and will not be able to see his wife and children during his incarceration. Plaintiff names the LCDC as the sole Defendant. Plaintiff's request for relief seeks free visitation and "$50,000 for pain and suffering and mental anguish."

On August 29, 2018, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 4) ("MOSC"), ordering Plaintiff to show cause by September 28, 2018, why this case should not be dismissed due to the deficiencies discussed in the MOSC. The Court also gave Plaintiff until September 28, 2018, to file a complete and proper amended complaint to cure the deficiencies.

In the MOSC, the Court notes that Plaintiff's Complaint names the Lyon County Detention Center as the sole defendant. Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v.*

*Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989) (neither state nor state agency is a "person" which can be sued under § 1983); *Davis v. Bruce*, 215 F.R.D. 612, 618 (D. Kan. 2003), *aff'd in relevant part*, 129 F. App'x 406, 408 (10th Cir. 2005). The Court also found that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff has failed to respond to the MOSC by the Court's deadline. The Court finds that Plaintiff fails to state a claim for relief as set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 5th day of October, 2018.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**